United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 10-23026-ref
Naomi Pabon                                                               Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-4          User: admin              Page 1 of 1              Date Rcvd: Jul 15, 2016
                              Form ID: 3180W           Total Noticed: 16

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 17, 2016.
```
db            +Naomi Pabon,   1333 Andover Road,    Bethlehem, PA 18018-1614
smg           +Bureau of Audit and Enforcement,   City of Allentown,   435 Hamilton Street,
               Allentown, PA 18101-1603
smg            City Treasurer,    Eighth and Washington Streets,   Reading, PA  19601
smg           +Lehigh County Tax Claim Bureau,   17 South Seventh Street,   Allentown, PA 18101-2401
smg           +Tax Claim Bureau,   633 Court Street,   Second Floor,   Reading, PA 19601-4300
13074305       Bank of America, N.A.,    P.O. Box 660933,   Dallas, TX 75266-0933
12226458       Chase Auto Finance,    PO Box 901032,   Ft Worth TX 76101-2032
13704607       THE BANK OF NEW YORK MELLON FKA,SERIES 2006-21CB,   C/O Shellpoint Mortgage Servicing,
               PO BOX 10826,   Greenville, SC  29603-0826
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg           +E-mail/Text: robertsl2@dnb.com Jul 16 2016 01:45:06     Dun & Bradstreet, INC,
               3501 Corporate Pkwy,   P.O. Box 520,   Centre Valley, PA 18034-0520
smg            E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jul 16 2016 01:44:14
               Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
               Harrisburg, PA  17128-0946
smg           +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jul 16 2016 01:45:23     U.S. Attorney Office,
               c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
12238861      +EDI: ACCE.COM Jul 16 2016 01:28:00     Asset Acceptance LLC,   assignee of Bank of America,
               Po Box 2036,   Warren MI 48090-2036
12292726      +EDI: BANKAMER.COM Jul 16 2016 01:28:00     BAC Home Loan Servicing, LP,   Bankruptcy Dept,
               Mail Stop CA6-919-01-23,   400 National Way,   Simi Valley, CA 93065-6414
12282716      +EDI: BANKAMER.COM Jul 16 2016 01:28:00     BAC Home Loans Servicing, LP,
               Bk. Dept., Mail Stop CA6-919-01-23,   400 National Way,   Simi Valley, CA 93065-6414
12298352      +EDI: MID8.COM Jul 16 2016 01:28:00     Midland Credit Management Inc,   8875 Aero Dr Ste 200,
               San Diego CA 92123-2255
12215927       EDI: NAVIENTFKASMGUAR.COM Jul 16 2016 01:28:00     Sallie Mae Inc. on behalf of USA FUNDS,
               Attn  Bankruptcy Litigation Unit E3149,   P O Box 9430,   Wilkes Barre  PA 18773 9430
                                                                                              TOTAL: 8
```

```
              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 17, 2016                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 14, 2016 at the address(es) listed below:
```
              ANDREW J. SHAW    on behalf of Plaintiff Naomi  Pabon ashaw@goodmanshaw.com
              ANDREW J. SHAW    on behalf of Debtor Naomi  Pabon ashaw@goodmanshaw.com
              FREDERICK L. REIGLE    ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com
              FREDERICK L. REIGLE    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
              HILARY B. BONIAL    on behalf of Creditor   BAC Home Loan Servicing LP
               hbonial@nbsdefaultservices.com, notice@bkcylaw.com
              JOSHUA ISAAC GOLDMAN    on behalf of Creditor   The Bank of New York Mellon fka  The Bank of New
               York, as Trustee et al.... bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com
              LISA MARIE CIOTTI    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM EDWARD MILLER    on behalf of Creditor   JPMORGAN CHASE BANK, N.A.
               wmiller@sterneisenberg.com, nmiller@sterneisenberg.com
                                                                                              TOTAL: 9
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Naomi Pabon** | Social Security number or ITIN  xxx–xx–0003 |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **10–23026–ref** | |

# Order of Discharge                                                                                                    12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Naomi Pabon
fka Naomi Castanedo

7/14/16                                                                **By the court:**    Richard E. Fehling
                                                                                             United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**